Michael D. Warner, Esq. (TX Bar No. 00792304)
COLE SCHOTZ P.C.
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5265
Facsimile: (817) 977-1611
mwarner@coleschotz.com

Gary H. Leibowitz, Esq. (*Pro hac vice pending*)
Irving E. Walker, Esq. (*Pro hac vice pending*)
COLE SCHOTZ P.C.
300 E. Lombard Street, Ste. 1450
Baltimore, MD 21202
Telephone: 410-230-0660
Facsimile: 410-230-0667
gleibowitz@coleschotz.com
iwalker@coleschotz.com

*Proposed Counsel To The Official Committee Of
Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| EVENTIDE CREDIT ACQUISITIONS, LLC,[1] | Case No. 20-40349 (ELM) |
| Debtor. | |

### APPLICATION FOR APPROVAL OF EMPLOYMENT OF COLE SCHOTZ P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE DATE AS OF FEBRUARY 7, 2020

**NO HEARING WILL BE HELD ON THIS APPLICATION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10TH STREET, ROOM 147, FORT WORTH, TEXAS, 76102, BEFORE CLOSE OF BUSINESS ON MARCH 5, 2020, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON THE UNDERSIGNED COUNSEL FOR MOVANT PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON THIS APPLICATION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**

---

[1] The last 4 digits of the Debtor's tax identification number is 1353.

1

TO THE HONORABLE EDWARD L. MORRIS,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the above-captioned case (the "**Chapter 11 Case**") of Eventide Credit Acquisitions, LLC (the "**Debtor**") submits this application (the "**Application**") for the entry of an Order substantially in the form attached hereto as **Exhibit A** authorizing the employment and retention of Cole Schotz P.C. ("**Cole Schotz**") as counsel to the Committee, effective date as of February 7, 2020, pursuant to sections 328 and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Bankruptcy Rules**"). In support of the Application, the Committee submits the Declaration of Michael D. Warner, Esq., a member of Cole Schotz (the "**Warner Declaration**"), attached hereto as **Exhibit B**. In further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

4.      On January 28, 2020 (the "**Petition Date**"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtor is authorized to operate

its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this Chapter 11 Case.

5.      On February 7, 2020, the Office of the United States Trustee for the Northern District of Texas (the "**U.S. Trustee**") conducted the Committee Formation Meeting and selected the following seven (7) members to form the Committee: (i) Teresa Titus (Committee Co-Chair); (ii) George Hengle (Committee Co-Chair); (iii) Dowin Coffy; (iv) Dana Duggan; (v) Regina Nolte; (vi) Reneé Galloway; and (vii) Richard L. Smith, Jr.  On February 7, 2020, the U.S. Trustee filed the Notice of Appointment of the Committee pursuant to section 1102 of the Bankruptcy Code.

## **RETENTION OF COLE SCHOTZ**

6.      By this Application, the Committee seeks authority to retain Cole Schotz as counsel to represent its interests regarding all matters related to the Debtor's Chapter 11 Case pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1.

7.      The Committee selected Cole Schotz on February 7, 2020 because the members and associates of Cole Schotz possess extensive knowledge and considerable expertise in the fields of bankruptcy, insolvency, reorganizations, debtors and creditors' rights, debt restructuring and corporate reorganizations, among other qualifications.  In addition, the attorneys at Cole Schotz have substantial experience appearing before the Courts in this District and are familiar with local practice and procedure.  The Committee believes that Cole Schotz is well qualified to serve as its counsel in this Chapter 11 Case.

8.      The Committee submits that it is necessary and appropriate for it to employ and retain Cole Schotz to provide, among other things, the following services:

i.      advise the Committee with respect to its rights, duties, and powers in this Chapter 11 Case;

ii.     assist and advise the Committee in its consultations with the Debtor relative to the administration of this Chapter 11 Case;

iii.    assist the Committee in analyzing the claims of the Debtor's creditors and the Debtor's capital structure and in negotiating with holders of claims;

iv.     assist the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor, and its insiders and affiliates, and of the operation of the Debtor's business;

v.      assist the Committee in its investigation of the liens and claims of the Debtor's lenders and the prosecution of any claims or causes of action revealed by such investigation;

vi.     assist the Committee in its analysis of, and negotiations with, the Debtor or any third-party concerning matters related to, among other things, the assumption or rejection of leases of nonresidential real property and executory contracts, asset dispositions, financing or other transactions, and the terms of one or more plans of reorganization for the Debtor and accompanying disclosure statements and related plan documents;

vii.    assist and advise the Committee in communicating with unsecured creditors regarding significant matters in this Chapter 11 Case;

viii.   represent the Committee at hearings and other proceedings;

ix.     review and analyze applications, orders, statements of operations, and schedules filed with the Court and advise the Committee as to their propriety;

x.      assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

xi.     prepare, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with any of the foregoing; and

xii.    perform such other legal services as may be required or requested or as may otherwise be deemed in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

9.     The Committee understands and agrees that Cole Schotz will charge for its legal

services on an hourly basis in accordance with its ordinary and customary hourly rates in effect

4

on the date such services are rendered and for out-of-pocket expenses, all as set forth in the Warner Declaration. The Committee requests that all legal fees and related costs and expenses incurred by the Committee on account of services rendered by Cole Schotz in this case be paid as administrative expenses of the estate pursuant to sections 328, 330(a), 331, 503(b) and 507(a)(2) of the Bankruptcy Code. The Committee understands that Cole Schotz will be submitting detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses. The Committee also understands that Cole Schotz will be applying to the Court for authority to be paid its fees and expenses pursuant to its obligations under the Bankruptcy Code and any administrative fee orders entered in this case, and the Committee consents to same.

10. Based upon the Warner Declaration, the Committee is satisfied that Cole Schotz (i) does not represent any other entity having an adverse interest to the Committee, the Debtor, its estate, or any other party-in-interest in connection with this case, (ii) has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee, and (iii) Cole Schotz has not been paid any retainer against which to bill fees and expenses. To the best of the Committee's knowledge, Cole Schotz has no connection with creditors or any other party-in-interest except as otherwise noted in the Warner Declaration.

11. The Committee requests approval of the employment of Cole Schotz, effective date as of February 7, 2020. The Committee's selection of Cole Schotz as its counsel on February 7, 2020 necessitated that Cole Schotz immediately commence work on time-sensitive matters such as the motion seeking use of Cash Collateral, and promptly devote substantial resources to the Debtor's case, pending submission and approval of this Application. Such relief

is warranted pursuant to Local Bankruptcy Rule 2014-1(b) because this Application is made within 30 days of the commencement of services by Cole Schotz.

## SUPPORTING AUTHORITY

12.     The Committee seeks to appoint Cole Schotz as its counsel in accordance with sections 328(a) and 1103 of the Bankruptcy Code.   Section 328(a) authorizes a committee appointed under section 1102 of the Bankruptcy Code, with the court's approval, to employ "a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).  Section 1103, in turn, requires that an attorney employed to represent a committee "may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case." 11 U.S.C. § 1103.

13.     The Committee submits that for all the reasons stated above and in the Warner Declaration, the retention and employment of Cole Schotz as counsel to the Committee is warranted under sections 328(a) and 1103.

14.     No prior application for the relief requested herein has been presented to this or any other Court.

## NOTICE

15.     The Committee have served notice of this Motion on (a) Debtor's counsel; (b) the U.S. Trustee; (c) those creditors holding the 20 largest unsecured claims against the Debtor's estate on a consolidated basis; and (d) and 2002 notice parties that are listed on the Debtor's master service list.  The Committee submits that no other or further notice need be given.

WHEREFORE, the Committee requests that an Order be entered authorizing it to retain Cole Schotz as its counsel in this case, effective date as of February 7, 2020, and granting the Committee such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

February 13, 2020

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EVENTIDE CREDIT ACQUISITIONS, LLC

By: _George Hengle_
    George Hengle, Co-Chairman
    Teresa Titus, Co-Chairwoman

    *The Official Committee of Unsecured Creditors of Eventide Credit Acquisitions, LLC*

7

**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| EVENTIDE CREDIT ACQUISITIONS, LLC,[1] | Case No. 20-40349 (ELM) |
| Debtor. | |

**ORDER APPROVING APPLICATION FOR APPROVAL OF EMPLOYMENT OF
COLE SCHOTZ P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, EFFECTIVE DATE AS OF FEBRUARY 7, 2020**

Upon the application (the "**Application**") of the Official Committee of Unsecured

Creditors (the "**Committee**") of Eventide Credit Acquisitions, LLC (the "**Debtor**") appointed

pursuant to section 1102 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the

above-captioned chapter 11 case (the "**Chapter 11 Case**") for entry of an order authorizing the

---

[1] The last 4 digits of the Debtor's tax identification number is 1353.

1

employment and retention of Cole Schotz P.C. ("**Cole Schotz**") as counsel for the Committee, effective date as of February 7, 2020, pursuant to sections 328 and 1103 of the Bankruptcy Code, Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of the United Bankruptcy Court for the Northern District of Texas (the "**Local Bankruptcy Rules**"); and upon the Declaration of Michael D. Warner (the "**Warner Declaration**") filed in Support of the Application; and the Court having jurisdiction to consider the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2) on which the Court may enter a final order consistent with Article III of the United States Constitution; and venue being properly in this district under 28 U.S.C. §§ 1408 and 1409; and having found based on the representations made in the Application and the Warner Declaration that (i) Cole Schotz does not hold or represent any interest adverse to the Committee with respect to the matters for which it is being retained; (ii) Cole Schotz is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1103(b) of the Bankruptcy Code); (iii) neither Cole Schotz nor its professionals have any connection with the Debtor, its estate, or creditors, except as disclosed in the Warner Declaration; and (iv) Cole Schotz's employment and retention is necessary and in the best interest of the Debtor's estate, its creditors and other parties in interest; and good and adequate notice of the Application having been given under the circumstances and it appearing that no other or further notice need be provided; and it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2

2.      Cole Schotz's employment and retention is necessary and in the best interest of the creditors of the Debtor and its estate, and Cole Schotz is authorized to provide the Committee with the professional services as described in the Application.

3.      The Committee is authorized to retain Cole Schotz as its counsel effective date as of February 7, 2020, pursuant to 11 U.S.C. § 328 and 1103 under the terms and conditions set forth in the Application and the Warner Declaration.

4.      Cole Schotz shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with sections 330 and 313 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Cole Schotz intends to make a reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosure as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013*, both in connection with the Application and the interim and final fee applications to be filed by Cole Schotz in this Chapter 11 Case.

5.      Ten (10) business days' notice shall be provided by Cole Schotz to the Debtor, the United States Trustee and any official committee prior to any increases in the rates set forth in the Application, and such notice must be filed with the Court.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.  To the extent this Order conflicts with the Application and/or the Warner Declaration, the terms of this Order control.

3

7.     The Court shall retain jurisdiction to hear and determine all matters arising from the  implementation of this Order.

###END OF ORDER###

40000/0583-19735669v1

## **EXHIBIT B**

**Warner Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| EVENTIDE CREDIT ACQUISITIONS, LLC,[1] | Case No. 20-40349 (ELM) |
| Debtor. | |

**DECLARATION OF MICHAEL D. WARNER, ESQ. IN SUPPORT OF THE
APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF COLE SCHOTZ P.C.
AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
EFFECTIVE DATE AS OF FEBRUARY 7, 2020**

I, **Michael D. Warner**, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and

belief, and after reasonable inquiry, declare as follows:

1.      I am a Member of the law firm of Cole Schotz P.C. ("**Cole Schotz**"), which

maintains offices for the practice of law at 301 Commerce Street, Suite 1700, Fort Worth, Texas

76102, with other offices in New Jersey, New York, Delaware, Maryland, Florida and Dallas,

Texas.

2.      I am a member in good standing of the bars of the States of Texas and California.

3.      This Declaration is submitted pursuant to sections 328 and 1103 of Title 11 of the

United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the

"**Local Bankruptcy Rules**") in support of the Application  (the "**Application**") for the Entry of

an Order Approving the Retention of Cole Schotz as Counsel to the Official Committee of

Unsecured Creditors (the "**Committee**"), effective date as of February 7, 2020.

---

[1]  The last 4 digits of the Debtor's tax identification number is 1353.

4.      I am familiar with the matters set forth herein and make this Declaration in support of the Application.

5.      On January 28, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6.      On February 7, 2020, the Office of the United States Trustee for the Northern District of Texas (the "**U.S. Trustee**") conducted the Committee Formation Meeting and selected the following seven (7) members to form the Committee: (i) Teresa Titus (Committee Co-Chair); George Hengle; (ii) Dowin Coffy; (iii) Dana Duggan; (iv) Regina Nolte; (v) Reneé Galloway; (vi) Regina Nolte; and (vii) Richard L. Smith, Jr.  On February 7, 2020, the U.S. Trustee filed the Notice of Appointment of the Committee pursuant to section 1102 of the Bankruptcy Code.

7.      In connection with its proposed retention by the Committee in this case and in preparing this Declaration, Cole Schotz used a set of procedures developed to ensure full compliance with the requirements of the Bankruptcy Code and the Federal and Local Bankruptcy Rules regarding the retention of professionals (the "**Retention Procedures**"). Pursuant to the Retention Procedures, and under my direction and supervision, Cole Schotz researched its client connections database to determine whether it has relationships with any of the entities that were identified to Cole Schotz as creditors or parties-in-interest in this Chapter 11 Case.   The Retention Procedures included:

a.      Review of a list identifying the Debtor, its "top 20" largest unsecured creditors and other parties-in-interest (the "**Entity List**") identified on the attached **Exhibit 1**.[2]

---

[2] E-mails were also circulated to all persons at Cole Schotz to determine whether and to what extent Cole Schotz has connections with any of these entities.  The List that Cole Schotz used was created based upon information available to the public as of February 12, 2020 about the Debtor's affiliates, creditors and all relevant parties in interest to the Case.  When the Debtor supplements its filings with the Court and provides the names of its creditors, contract

b. Cole Schotz maintains a database of current and former clients and related information that has been collected (the "**Database**").  Cole Schotz searched the Database and compiled a list of those entities for which Cole Schotz attorney fees were billed during at least the past ten (10) years (the "**Client List**").

c. Cole Schotz compared the names of the entities identified in the Entity List with the names in its Database, the Client List and the responses from an attorney e-mail solicitation to identify potential matches, and to determine whether these matches are current clients, and if so, identify the Cole Schotz personnel responsible for such matters. To the extent such a search indicated that Cole Schotz has a relationship with any of the entities on the Entity List, the identities of such entities and Cole Schotz's relationship with such entities is disclosed in the attached **Exhibit 2**.

8. Based on the result of that search and by making general and, when applicable, specific inquiries of Cole Schotz personnel, insofar as I have been able to ascertain after diligent inquiry, Cole Schotz (i) does not represent any entity having an adverse interest in connection with this Chapter 11 Case and (ii) does not represent or hold an interest adverse to the interest of the Debtor or its estate with respect to the matters on which Cole Schotz is to be employed. Moreover, Cole Schotz is disinterested within the meaning of section 101(14) of the Bankruptcy Code, in that neither I, Cole Schotz, nor any of its members, counsel or associates:

a. are creditors, equity security holders or insiders of the Debtor;

b. are or were within two years before the Petition Date, a director, officer or employee of the Debtor; or

---

parties and other parties in interest, Cole Schotz will further review its records and determine whether further disclosure and/or supplementation of the information supplied to the Court is required.

c. have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor or for any other reason.

9. As a part of Cole Schotz's bankruptcy and corporate restructuring practice, Cole Schotz's clientele includes: debtors, creditors and other statutory committees, institutional creditors, asset purchasers, venture capitalists, secured parties, lessors, contract parties, equity holders, directors and officers, court-appointed fiduciaries, plan sponsors, indenture trustees, and bond insurers. Cole Schotz may have in the past represented, and may presently or in the future represent or be deemed adverse to, creditors or parties-in-interest in addition to those specifically disclosed in **Exhibit 2** in matters unrelated to this Chapter 11 Case. Cole Schotz believes that its representation of such creditors or other parties in such other matters has not affected and will not affect its representation of the Committee in these proceedings.

10. In addition to its bankruptcy and corporate restructuring practice, Cole Schotz is a full-service law firm with active real estate, corporate, finance, construction, litigation, environmental, employment, tax, trust and estates, intellectual property, healthcare and white collar defense practices. Cole Schotz appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants and investment bankers, some of whom now or may in the future represent or be deemed adverse to claimants or parties-in-interest in this case.

11. Except as otherwise set forth herein and in **Exhibit 2**, insofar as I have been able to ascertain, the shareholders, counsel, associates and staff members of Cole Schotz do not have any connection with the Debtor, the Debtor's officers and directors, the Debtor's creditors, the

4

Debtor's equity security holders and other known parties-in-interests or their respective professionals.

12.     To the best of my knowledge, information and belief formed after reasonable inquiry, neither I, nor any shareholder, special counsel, associate or staff member of Cole Schotz, insofar as I have been able to ascertain, is related to the bankruptcy judge assigned to the above-captioned Chapter 11 Case.

13.     To the best of my knowledge, information and belief formed after reasonable inquiry, neither I, nor any shareholder, special counsel, associate or staff member of Cole Schotz, insofar as I have been able to ascertain, has a connection to the United States Trustee or any person employed in the office of the United States Trustee.

14.     Despite the substantial efforts described above to identify and disclose potential conflicts and connections with parties-in-interest in this case, neither I nor Cole Schotz is able to conclusively identify all potential relationships or state with absolute certainty that every client representation or other connection of Cole Schotz has been disclosed.  To the extent Cole Schotz discovers any facts or additional information during the period of Cole Schotz's retention that requires disclosure, Cole Schotz will supplement this Declaration to disclose such information.

15.     Cole Schotz intends to apply for compensation for professional services rendered in connection with this Chapter 11 Case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Federal and Local Bankruptcy Rules, and Orders of the Court entered in this case concerning compensation of professionals, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the firm. Cole Schotz has not been paid any retainer against which to bill fees and expenses.

16. The attorneys and paralegals primarily responsible for representing the Committee, and their current standard hourly rates are:

| Name | Title | Hourly Rate |
|---|---|---|
| Michael D. Warner | Member | $840 |
| Gary H. Leibowitz | Member | $595 |
| Irving E. Walker | Member | $675 |
| Jill B. Bienstock | Member | $495 |
| Benjamin L. Wallen | Associate | $350 |
| Kerri LaBrada | Paralegal | $265 |

17. Other attorneys, paralegals, and case management clerks may assist in representing the Committee. The range of hourly rates for such professionals are, at this time, as follows:

| | Rates |
|---|---|
| Members | $440 - $990 |
| Associates | $285 - $535 |
| Paralegals | $210 - $330 |

18. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Any such adjustments will be reflected in Cole Schotz's fee requests. There are no alternative fee arrangements from customary billing. Further, no professional varies his or her rate based on geographic location.

19. It is Cole Schotz's policy to charge its clients in all areas of practice for out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail, special or hand delivery, outgoing facsimiles, photocopying, scanning and/or printing, computer assisted research (which shall not be more than the actual cost incurred by Cole Schotz in performing such research), travel, "working meals," transcription, as well as non-ordinary overhead expenses such as secretarial

and other overtime. Cole Schotz will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

20. The following is provided in response to the request for additional information set forth in ¶ D.1 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "**Revised Guidelines**"):

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: No.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: No.

**Question:** If you represented the client in the twelve (12) months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: Cole Schotz did not represent the Committee before its formation on February 7, 2020. Cole Schotz's billing rates have not changed since the Petition Date.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response: Cole Schotz is developing a budget and staffing plan for the period through March 31, 2020 that will be presented for approval by the Committee.

21. Cole Schotz intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Appendix B of the Revised

Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Cole Schotz in this Chapter 11 Case.

22. No promises have been received by Cole Schotz nor any member, counselor or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

23. No agreement exists, nor will any be made, to share any compensation received by Cole Schotz for its services with any other person or firm.

24. Cole Schotz will abide by the terms of any administrative order establishing procedures for professional compensation and reimbursement entered in this case.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2020

*/s/ Michael D. Warner*
Michael D. Warner

**<u>EXHIBIT 1 TO WARNER DECLARATION</u>**

**ENTITY LIST**

**Debtors**

Eventide Credit Acquisitions, LLC

**Non-Debtor – Parent Company**

Liont, LLC

**Non-Debtor – Affiliates**

Bellicose VI, LLC
Bellicose Capital, LLC
Red Rock Tribal Lending, LLC
Ascension Technologies, LLC

**Aliases/Trade Names of Debtors (aka, fka. dba., etc) (up to 8 years)**

**5% or More Equity Holders**

**Creditors Committee Members**

George Hengle (Co-Chair)
Teresa Titus (Co-Chair)
Dowin Coffy
Dana Duggan
Regina Nolte
Reneé Galloway
Richard L. Smith, Jr.

**Counsel for Members of the Committee**

Kelly Guzzo PLC (for Dowin Coffy, George Hengle, Regina Nolte)
Terrell Marshall Law Group PLLC (for Teresa Titus)
Caddell & Chapman (for Dana Duggan, Richard L. Smith, Jr.)
Consumer Litigation Associates (for Reneé Galloway)
Berger & Montague PC

**United States Trustee, for the Northern District of Texas (and Key Staff Members)**

Lisa L. Lambert, U.S. Trustee

**Judges, Court Contracts and Key Staff - United States Bankruptcy Court for the Northern District of Texas**

Chief Judge Barbara J. Houser
Judge Robert L. Jones
Judge Harlin D. Hale
Judge Stacey G. C. Jernigan
Judge Mark X. Mullin
Judge Edward L. Morris
Robert P. Colwell, Clerk of Court
Chief Judge Barbara M.G. Lynn
Judge Sam A. Lindsay
Judge David C. Godbey
Judge Ed Kinkeade
Judge Jane Boyle
Judge Reed O'Connor
Judge Karen Gren Scholer
Judge Matthew J. Kacsmaryk
Judge Mark T. Pittman
Judge James Wesley Hendrix
Judge Brantley Starr
Judge Ada Brown
Senior Judge A. Joe Fish
Senior Judge Sidney A. Fitzwater
Senior Judge John H. McBryde
Senior Judge Sam R. Cummings
Senior Judge Terry R. Means
Magistrate Judge Irma C. Ramirez
Magistrate Judge Jeffrey L. Cureton
Magistrate Judge Renee H. Toliver
Magistrate Judge David L. Horan
Magistrate Judge Hal R. Ray, Jr.
Magistrate Judge D. Gordon Bryant, Jr.
Magistrate Judge Lee Ann Reno
Magistrate Judge Rebecca Rutherford
Magistrate Judge John R. Parkcer
Karen Mitchell, Clerk of Court

**Clerk of Court and other Key Employees of the Office of the U.S. Trustee for the Northern District of Texas**

William T. Neary, United States Trustee, Region 6
Lisa L. Lambert, Assistant United States Trustee
Timothy W. O'Neal, Assistant United States Trustee
Samuel M. Baker
Eulunice Boddie
Marc F. Salitore

John M. Vardeman
Lisa L. Lambert
Nathalie Brumfield-Brown
Kara Croop
Ruby Curry
Christi C. Flanagan
C. Marie Goodier
Meredyth Kippes
Marina J. Lopez
LaSharion F. McClellan
Stephen McKitt
Sandra F. Nixon
Felicia P. Palos
Bradley D. Perdue
Nancy S. Resnick
Kendra M. Rust
Erin Schmidt
Joseph W. Speranza
Cheryl H. Wilcoxson
Cindy Worthington
Elizabeth Young

**<u>Bankruptcy Professionals</u>**

Loeb & Loeb (Debtor's counsel)
Forshay & Prostok, LLP (Debtor's counsel)
M. Drew McManigle (CRO)

**<u>Banks</u>**

East West Bank

**<u>Postpetition Financing Lender Senior Secured Lenders and Administrative Agents</u>**

[TBD]

**<u>Significant Contract Counterparties</u>**

[TBD]

**<u>Major Customers</u>**

[TBD]

**Officers and Directors**

**Affiliations of Directors and Officers**

[TBD]

**Insurers**

[TBD]

**Landlords**

[TBD]

**Litigation Parties (some of the parties listed below include plaintiffs in various litigation matters pending against the Debtor and its affiliates and insiders and in certain instances includes Committee members)**

Big Picture Loans, LLC
Ascension Technologies, LLC
Tribal Economic Development Holdings, LLC
Jerry Avent
Earl Browne
Rose Marie Buchert
Down Coffy
Christina Cumming
Dominique De La Bay
Dana Duggan
Lori Fitzgerald
Renee Galloway
Derek Geter
Sonji Grandy
Lucinda Gray
Anthony Green
Keisha Hamm
George Hengle
Chris Kobin
Lamesha Kondo
Desiree Wright Lovins
Liont LLC
Matt Martorello
Justin Martorello
Rebecca Martorello
Linda Madison
Lisa Martinez

Victoria Renee McKoy
Andrea Mendez
Kevin Stanley Minor
Regina Nolte
Sharon Paavo
Tasha Pettiford
Kimberly Pool
Burry Pough
Andrea Scarborough
Anastasia Sherman
Marcella Singh
Carrie Samantha Smith
Richard L. Smith, Jr.
Latanya Tarleton
Faith Thomas
Teresa Titus
Gloria Turnage
Dianne Turner
Tammy Wangeline
Lulu Williams
Matt Martorello
Lac Vieux Desert Band of Lake Superior Chippewa Indians
Breakwater Holding, LLC
Gallant Capital, LLC
James Dowd
Simon Liang
Brian McFadden
Renee Galloway
Richard L. Smith, Jr.
Dana Duggan
Dowin Coffy
George Hengle
Regina Nolte
Richard L. Smith, Jr.
Teresa Titus


**Counsel for Parties Involved in Litigation with the Debtors**

Armstrong Teasdale


**Ordinary Course Professionals**

TBD

**Regulatory Agencies**

Internal Revenue Service
Consumer Financial Protection Bureau
Texas State Taxing Authority
Fort Worth, Texas Local Taxing Authority
Dallas, Texas Local Taxing Authority
Southern Texas Local Taxing Authority
Dallas County
Pennsylvania Office of the Attorney General
Commonwealth of Pennsylvania Office of Attorney General, Bureau of Consumer Protection
Linebarger Goggan Blair & Sampson, LLC (Attorneys for Dallas County)
Texas Comptroller of Public Accounts

**Top 20 Creditors (on a consolidated basis)**

Armstrong Teasdale
Pax ADR, LLC
Lac Vieux Desert Band of Lake Superior Chippewa Indians
Tribal Economic Development Holdings, LLC
Big Picture Loans, LLC
Ascension Technologies, LLC
James Dowd
Simon Liang
Brian McFadden
Renee Galloway and all plaintiffs
Richard L. Smith, Jr. and all plaintiffs
Dana Duggan and all plaintiffs

**Other Creditors**

 [TBD]

**Utilities**

[TBD]

**Vendors and Suppliers**

[TBD]

**<u>Other Interested Parties</u>**

[TBD]

## EXHIBIT 2 TO WARNER DECLARATION

## DISCLOSURES TO COLE SCHOTZ RETENTION APPLICATION

1.      Cole Schotz PC (the "**Firm**") previously served as counsel to the Official Committee of Unsecured Creditors, and post-confirmation, was retained by the then-acting Plan Administrator in the *In re Federated Sports & Gaming, Inc., et al.* (Case No. 12-13521 (WIL)), pending in the United States Bankruptcy Court for the District of Maryland (the "**Federated Sports Matter**").  The Plan Administrator in the Federated Sports Matter was Drew McManigle, the Chief Restructuring Officer selected by the Debtor in the *In re Eventide Credit Acquisitions, LLC* bankruptcy case (the "**Eventide Matter**").  The Firm concluded its work on the Federated Sports Matter in 2014.  The Firm does not believe that its work in the Federated Sports Matter is a conflict or impediment to its representation of the Official Committee of Unsecured Creditors in the Eventide Matter and merely discloses this information for the benefit of the Court and all parties in interest.

2.      The Firm previously served as counsel to the Official Committee of Unsecured Creditors, and post-confirmation, was retained by the then-acting Plan Administrator in the *In re Technology Specialists Inc.* (Case No. 15-17311 (TJC)), pending in the United States Bankruptcy Court for the District of Maryland (the "**Technology Matter**").  The Plan Administrator in the Technology Matter was Drew McManigle, the Chief Restructuring Officer selected by the Debtor in the *In re Eventide Credit Acquisitions, LLC* bankruptcy case (the "**Eventide Matter**"). The Firm concluded its work on the Technology Matter in 2015.  The Firm does not believe that its work in the Technology Sports Matter is a conflict or impediment to its representation of the Official Committee of Unsecured Creditors in the Eventide Matter and merely discloses this information for the benefit of the Court and all parties in interest.