Gary H. Leibowitz, Esq. (Admitted *Pro hac vice*)
Irving E. Walker, Esq. *(*Admitted *Pro hac vice)*
COLE SCHOTZ P.C.
300 E. Lombard Street, Ste. 1450
Baltimore, MD 21202
Telephone: 410-230-0660
Facsimile: 410-230-0667
gleibowitz@coleschotz.com

Michael D. Warner (TX Bar No. 00792304)
COLE SCHOTZ P.C.
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5250
Facsimile: (817) 977-1611
mwarner@coleschotz.com

*Counsel to the Official Committee of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| EVENTIDE CREDIT ACQUISITIONS, LLC,[1] | Case No. 20-40349 (ELM) |
| Debtor. | |

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESPONSE TO DEBTOR'S OBJECTION TO MOTION FOR SANCTIONS FOR BAD FAITH FILING

The Official Committee of Unsecured Creditors (the "**Committee**") of Eventide Credit Acquisitions, LLC ("**Eventide**" or the "**Debtor**"), by its undersigned counsel, hereby files this Response to the Debtor's Objection to Motion for Sanctions for Bad Faith Filing (the "**Objection**") pursuant to 11 U.S.C. §§ 105, 329, and Bankruptcy Rules 2016, and 9011, on the following grounds:

---

[1] The last 4 digits of the Debtor's tax identification number is 1353.

1

**PRELIMINARY STATEMENT**

1. In objecting to the Committee's Motion for Sanctions for Bad Faith Filing (the "**Motion**"), the Debtor contends that the Motion should be denied because (i) the Court lacks jurisdiction to hear the Motion; (ii) the Committee did not comply with Rule 9011 before filing the Motion; and (iii) the evidence in support of sanctions is not clear and convincing. The Committee is disappointed to see that once again, the Debtor is playing fast and loose with the law and the facts by misquoting published opinions and omitting the pertinent language of the Bankruptcy Rules to prop up its unsustainable position.

2. For the reasons set forth herein, the Objection should be overruled as each of the Debtor's arguments lack merit.

**RESPONSE**

**I. The Debtor's Appeal Does Not Divest this Court of Jurisdiction Over the Motion.**

3. Relying primarily on the *Scopac* case, which does not involve sanctions, the Debtor argues that the filing of its Notice of Appeal divests this Court of jurisdiction over the Motion because the issues raised in the Motion interfere or circumvent the appellate process. Objection at p. 19.

4. The Debtor states:

> The Fifth Circuit has adopted a "functional test" to determine whether a bankruptcy court has been divested of jurisdiction over a particular matter: "once an appeal is pending, it is imperative that a lower court not exercise jurisdiction over those issues which, although not themselves expressly on appeal, nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process." *In re Scopac,* 624 F.3d at 280 (quoting *Whispering Pines Estates, Inc. v. Flash Island, Inc. (In re Whispering Pines Estates, Inc.),* 369 B.R. 752, 759 (1st Cir. BAP 2007)). The purpose of this doctrine is to "avoid the confusion of placing the same matter before two courts at the same time and preserve the integrity of the appeal process." *In re Whispering Pines Estates, Inc.,* 369 B.R. at 757.

5. But the Debtor inexplicably omitted the remainder of the Fifth Circuit's language in the paragraph, and seemingly advocates for the sort of "broad rule" concerning divestiture of jurisdiction that the Fifth Circuit has expressly rejected. The Fifth Circuit stated:

> . . . this court has "repeatedly recognized that, when a notice of appeal has been filed in a bankruptcy case, **the bankruptcy court retains jurisdiction** to address **elements of the bankruptcy proceeding that are not the subject of that appeal**." **It may even continue to address matters indirectly implicated** in the appeal. Accordingly, this court has specifically **rejected "the broad rule that a bankruptcy court may not consider any request which either directly or indirectly touches upon the issues involved in a pending appeal and may not do anything which has any impact on the order on appeal**." *In re Sullivan Cent. Plaza I, Ltd.,* 935 F.2d 723, 727 (5th Cir.1991).

(emphasis added) (internal citations omitted).

6. Based on this well-established Fifth Circuit law, bankruptcy courts are divested of jurisdiction when a subsequent order would modify, or be inconsistent with, the order pending on appeal. *See In re Acis Capital Management, L.P.,* 604 B.R. 484, 522 (N.D. Tex. 2019) ("Attempting to modify an order pending on appeal, or issuing a subsequent order that is inconsistent with the order being appealed, circumvents the appellate process"). *Id.* Contrary to the broad rule argued by the Debtor, this Court is not divested of jurisdiction here simply because the Motion touches on issues involved in the appeal.

7. Here, a decision on the Motion will not modify the dismissal of the case, or otherwise impact the appeal. The "same matter" will not be before two courts at the same time. *See In re Whispering Pines Estates, Inc.,* 369 B.R. at 757. Consequently, this Court may hear the Motion and enter an Order.[2]

---

[2] At the status conference on July 7, 2020, without waiving its rights and without prejudice to the Motion, the Committee agreed with the Court's suggestion to suspend this matter to allow the appeal to proceed and avoid unnecessary additional fees, and to attempt to discuss a resolution. Unfortunately, by email on July 8, 2020, lead counsel for the Debtor refused to speak with Committee counsel choosing instead to call the Motion "frivolous."

**II.     The Committee Complied with Rule 9011 as the "Safe Harbor" Does Not Apply.**

8.     The Debtor misstates the requirements of Rule 9011 in the Objection and then falsely accuses counsel for the Committee of not complying with the 21-day "safe harbor" notice period. Objection at p. 20.

9.     The Debtor states:

> The Motion should be denied because counsel for the Committee did not serve its Motion twenty-one days in advance of filing it with the Court. Strict compliance with Rule 11 is mandatory before sanctions can be imposed. *See Cadle Co. v. Pratt (In re Pratt),* 524 F.3d 580, 588 (5th Cir. 2008). Rule 9011(c)(1)(A) of the Federal Rules of Bankruptcy Procedure states that a "motion for sanctions may not be filed with or presented to the court unless, within 21 days *after service of the motion. . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."* Fed. R. Bankr. P. 9011(c)(1)(A) (emphasis added).

*Id*.

10.     Yet again, the Debtor fails to provide the Court with the applicable language for this matter by omitting the rest of the Rule, presumably because it contains an exception that specifically applies to the Motion.

11.     Rule 9011 expressly provides:

> The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, **except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subsection (b).**

(emphasis added). *See* Rule 9011.

12.     Pursuant to the exception in Rule 9011, the 21-day advance notice requirement does not apply where the sanctions are sought for the filing of the bankruptcy petition. The safe harbor cannot apply to sanctions for the filing of a Chapter 11 because the Debtor cannot dismiss the case without a court order. Since the petition cannot be withdrawn to cure the sanctionable conduct,

4

there is no need for advance notice. Indeed, the Advisory Committee Note for the rule specifically states that the Rule 9011(c)(1)(A) safe harbor "does not apply if the challenged paper is a petition. The filing of the petition has immediate serious consequences, . . . , which may not be avoided by the subsequent withdrawal of the petition. In addition, a petition for relief under chapter 7 or chapter 11 may not be withdrawn unless the court orders dismissal of the case for cause after notice and a hearing." *See* Rule 9011.

13. The Motion seeks sanctions against the Debtor and its lead counsel for the bad faith filing of the Chapter 11 case. Accordingly, the Committee was *not* required to serve the Motion on the Debtor twenty-one days before filing, or otherwise advise the Debtor that it intended to file the Motion.[3]

### III. There is Clear and Convincing Evidence for the Entry of Sanctions Against the Debtor and its Counsel.

14. Following an extensive hearing in which this Court heard testimony from the parties and witnesses, this Court made specific findings that the Debtor and its counsel acted in bad faith.

15. On June 9, 2020, the Court ruled that the Debtor failed to file and prosecute the above-captioned Chapter 11 case in good faith, and determined that the Chapter 11 case should be dismissed. *See* Transcript from June 9, 2020 ruling (the "**Transcript**") at 51-52.

16. In reaching its decision, the Court unequivocally found:

---

[3] Notwithstanding the lack of required advance notice under the exception to Rule 9011, the Debtor had actual notice that the Committee intended to seek sanctions as the Committee provided comments to respective counsel for the Debtor, Consumer Borrowers, and Tribe regarding the language for the order dismissing the case as a bad faith filing. Specifically, on June 6, 2020, counsel for the Committee emailed the proposed dismissal order with a provision that sought to delay the effective date of the order until July 1, 2020 (24 days later) to allow time for the Committee to seek sanctions before the case was closed. While the Debtor rejected the provision, it knew that the Motion was going to be filed.

- ... that the Bankruptcy Case was **clearly filed as the next step in a strategy to try to assist Martorello** and individuals and entities affiliated with Martorello in **finding a way to forum shop** away from the District Court in the District of Virginia ... Transcript at 53-54. (emphasis added).

- Martorello has effectively resorted to name-calling, and the Debtor, through counsel, **surprisingly and brazenly stated that, to the extent any of the Consumer Borrowers are ever found to hold any legitimate allowed claims against the Debtor, the Debtor will simply separately classify them**, apparently **previewing the Debtor's intent to gerrymander a vote on** a plan in such instance. Transcript at 55. (emphasis added).

- The **Debtor's actions are not being taken under the direction and control of McManigle as the Debtor's independent Manager and CRO**. Instead, it is clear that **the Cook Islands entity Breakwater**, as the one hundred percent voting member of the Debtor, which in turn is wholly owned by the Cook Islands entity Bluetech, **is directing the actions of the Debtor, to the exclusion of McManigle.** This is evident by virtue of the fact that McManigle had zero involvement in reviewing the proofs of claim that have been objected to, zero involvement in any discussions or negotiations with any of the Tribal Defendants, and **perhaps most shockingly**, zero involvement in any discussions or negotiations with Bluetech as the proposed DIP Lender, who astoundingly seeks to leverage the Bankruptcy Case to its benefit while at the same time **thumbing its nose** at the concept of subjecting itself to the jurisdiction of this Court ... Transcript at 55-56. (emphasis added).

17. The Court also found that:

> ... contrary to the Debtor's arguments of filing the Bankruptcy Case to stop the bleeding and preserve value, **the Bankruptcy Case has been nothing but bleeding, with the Debtor having already incurred upwards of $800,000 in professional fees, predominantly in litigation in three different adversary proceedings that is duplicative** of the arbitration in the case of the Tribal Defendants **and which has, in any event, netted zero beneficial results for the estate.** Transcript at 52-53.

18. In other words, the filing of the voluntary petition, and subsequent retention of the CRO, request for approval of a DIP Loan from an insider, and nearly every other material action taken in the case, was taken with an improper purpose, to delay the consumer borrowers' non-bankruptcy court putative class settlement with the Tribe, and to increase the costs of litigation on the consumer borrowers.

19. Consequently, this Court has the authority to impose sanctions against the company under § 105 and against the Debtor's Professionals under Rule 9011. *See Triad Financial Corp. v. Peake (In re Nair),* 202 Fed.Appx. 765, 766 (5th Cir. 2006) (reviewing the bankruptcy court's imposition of sanctions under Rule 9011(c) for a 9011(b) violation and finding that the bankruptcy court did not abuse its discretion).

20. There is no need to respond to the Debtor's factual contentions on pages 21-32 of the Objection as they were already raised at the hearing on the Motion to Dismiss and rejected by this Court. Given the lack of evidence submitted by the Debtor at the hearing on the Motion to Dismiss, the unusual testimony of Debtor's counsel in the case acknowledging certain improper conduct with regard to the proposed DIP loan, and the Debtor's own admission through its counsel which "surprisingly and brazenly stated that, to the extent any of the Consumer Borrowers are ever found to hold any legitimate allowed claims against the Debtor, the Debtor will simply separately classify them, apparently previewing the Debtor's intent to gerrymander a vote on a plan in such instance" [4], there is clear and convincing proof that the Debtor, and the Debtor's lead bankruptcy counsel, acted in bad faith and willfully abused the judicial process. *In re Moore,* 739 F.3d 724, 729–30 (5th Cir. 2014).

## **CONCLUSION**

21. For the foregoing reasons, the Committee respectfully requests that the Court overrule the Objection, grant the Motion, and enter an Order directing the Debtor's lead bankruptcy counsel to disgorge all fees paid to them by the Debtor in connection with the bankruptcy case, to

---

[4] *See* Transcript at 55.

award Committee counsel a portion of the fees disgorged as the Court deems just and proper; and providing such other and further relief as the Court deems just and proper.

Dated: July 9 , 2020

**COLE SCHOTZ P.C.**

By: */s/ Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
(817) 810-5250
(817) 977-1611 (Facsimile)
mwarner@coleschotz.com

and

Gary H. Leibowitz (Admitted *pro hac vice*)
Irving E. Walker (*Admitted pro hac vice*)
300 E. Lombard Street, Suite 1450
Baltimore, MD 21202
410-230-0660
410-230-0667 (Facsimile)
gleibowitz@coleschotz.com

*Counsel for the Official Committee of Unsecured Creditors*

60754/0001-20806196v1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of July, 2020, a true and correct copy of the foregoing *Official Committee of Unsecured Creditors' Response to Debtor's Objection to Motion for Sanctions* was served upon all parties that are registered to receive electronic service through the court's CM/ECF notice system in the above case.

                                                                           */s/ Michael D. Warner*
                                                                           Michael D. Warner